UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE: CANDISE DIANE HOOKER,

    Debtor,

WANIGAS CREDIT UNION,

    Appellant,

v                                           Case No. 19-13085
                                            Honorable Thomas L. Ludington

CANDISE DIANE HOOKER,

    Appellee.

_____/

**ORDER AFFIRMING BANKRUPTCY DECISION AND REMANDING CASE TO THE BANKRUPTCY COURT**

On March 6, 2018, Shek Law Offices ("Shek") filed a law suit on behalf of Shek's client, Appellant Wanigas Credit Union ("Wanigas"), for an outstanding debt. It filed the suit against Debtor Candise Diane Hooker in the 70th District Court for the County of Saginaw. On August 3, 2018, Wanigas obtained a default judgment against Hooker in the amount of $1,269.05. On September 12, 2018, Shek filed a writ of garnishment in order to collect on the judgment. Beginning in October 2018, Hooker's wages were periodically garnished from her employer, Wolverine Human Service in Grosse Pointe Park, MI.

The next month, Hooker filed a petition under Chapter 7 of the U.S. Bankruptcy Code. During the 90 days preceding the filing of Hooker's petition (the preference period), Shek had received on Wanigas's behalf $884.13 through its garnishment of Hooker's wages. On December 10, 2018, Hooker's attorney, Matthew Frey, demanded that Wanigas return any money that it had received during the preference period. On December 26, 2018, Wanigas returned $431.53. The

remaining balance of $452.60 had never been received by Wanigas because Shek had retained those funds as payment for services.

Hooker subsequently filed a complaint in the Bankruptcy Court for the Eastern District of Michigan against Wanigas, seeking the remaining $452.60. Wanigas contended that it never received the $452.60 because the funds were retained by Shek as payment for legal services. Wanigas filed a motion for summary judgment. Judge Opperman denied the motion, finding that the $452.60 qualified as a preference because:

> Wanigas Credit Union did get a benefit in that its obligation to its attorney was paid. This obligation is calculated on the total amount garnished from the Plaintiff's wages because Defendant's counsel is contractually entitled to a percentage of the total amount collected by Defendant, all as allowed by the contingent fee agreement between Defendant and its counsel. This benefit, measured in dollars, is part of the preference that is avoidable and must be returned to Plaintiff.

ECF No. 3 at PageID.19.

Wanigas appealed the decision to this Court. For the following reasons, the decision of the Bankruptcy Court will be affirmed.

**I.**

Final orders of a bankruptcy court are appealable to a federal district court under 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*." *Id.* (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue*, 213 F.3d 917, 920 (6th Cir. 2000).

**II.**

A transfer of property may be avoided in a bankruptcy proceeding when it meets the five elements presented in 11 U.S.C. § 547(b) which provides:

[T]he trustee may…avoid any transfer of an interest of the debtor in property--
    (1) to or for the benefit of a creditor;

> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made--
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if--
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

"As is facially evident from this provision, all five enumerated criteria must be satisfied before a trustee may avoid any transfer of property as a preference." *In re Fulghum Const. Corp.*, 706 F.2d 171, 172 (6th Cir. 1983).

**1.**

As provided in the statute, the transfer must be made for the "benefit of a *creditor*." 11 U.S.C. § 547(b)(1) (emphasis added). 11 U.S.C. § 101(10) provides:

> (10) The term "creditor" means--
>
>> (A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
>>
>> (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
>>
>> (C) entity that has a community claim.

Wanigas contends that Shek "does not meet the definition of a creditor in this case." ECF No. 5 at PageID.95. It cites to *Sheppard v. Speck*, 521 B.R. 599 (Bankr. E.D. Mich. 2014) in which the creditor garnished the debtor's wages. However, the employer retained an $80.00 garnishment processing fee before sending the remaining funds to the creditor. The debtor subsequently filed for bankruptcy and attempted to collect the $80.00 from the creditor as a preference. The court

denied the request, finding that the "$80.00 that was retained by Plaintiff's employer was not a transfer 'to or for the benefit of' Defendant, under 11 U.S.C. § 547(b)(1)." *Id.* at 604.

Wanigas's case is not analogous to *Sheppard*. The creditor in *Sheppard* gained no benefit from the employer retaining the $80 processing fee. In contrast, Wanigas benefitted from Shek's retention of a portion of the garnishment. Shek filed the writ of garnishment on Wanigas's behalf because Wanigas had agreed that Shek could retain a portion as compensation for its services. Wanigas received the garnished wages that it was owed from the default judgment. In exchange, Wanigas permitted Shek to retain a portion of the garnishment. This fulfilled Wanigas's obligation to compensate Shek for legal services performed. Accordingly, Wanigas benefitted from Shek's retention of the funds.

**2.**

Wanigas next argues that Judge Opperman erred when he found that Shek did not hold a valid attorney's charging lien on the $452.60. In his order, Judge Opperman incorporated his findings and conclusions from *In re McDuffy* which provided:

> Wanigas may not assert an attorney charging lien in the Remaining Funds because these funds are no longer the funds of the client, Wanigas, but are the funds of the Debtor under statute. Attorney charging liens are rooted in common law, and when the language of a statute conflict with the common law, the unambiguous language of the statute takes precedence. *Barker Bros. Constr. v. Bureau of Safety & Regulation*, 536 N.W.2d 845, 849 (Mich. Ct. App. 1995) (citation omitted). Here, the unambiguous language of Section 547(b) and Section 550(a) require that all funds transferred may be avoided by the Debtor and that the Debtor may recover such funds, with no exception under Section 550(b).

*In re McDuffy v. Wanigas Credit Union*, Case No. 18-21727 (Bankr. E.D. Mich. April 22, 2019); *see also* ECF No. 3 at PageID.18 "[T]he Court incorporates its findings and conclusions in *McDuffy* April 22, 2019 Opinion.").

- 5 -

Wanigas argues that Judge Opperman was incorrect because Shek does not qualify as a creditor under the language of the statute. However, as explained above, the garnishment was for the benefit of Wanigas. Shek was performing a legal service on behalf of Wanigas. It retained a portion of the garnishment pursuant to an agreement that it had with Wanigas in which the portion retained by Shek constituted Shek's compensation for services performed.

Wanigas further argues that Judge Opperman incorrectly determined that there were "overriding federal interests that interfere with a Michigan attorney's charging lien." ECF No. 5 at PageID.101. However, this is not an accurate characterization of Judge Opperman's holding. To the contrary, he explained that under Michigan law, "[a]ttorney charging liens are rooted in common law, and when the language of a statute conflict with the common law, the unambiguous language of the statute takes precedence." *In re McDuffy*, Case No. 18-21727 (April 22, 2019). Judge Opperman relied upon state law to find that the statutory language of Section 547(b) and Section 550(a) took precedence over the common law doctrine of attorney charging liens. Accordingly, Wanigas's argument is without merit.

### III.

It is **ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**.

It is further **ORDERED** that the case is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this order and Judge Opperman's order denying Wanigas's motion for summary judgment.

Dated: May 12, 2020                              s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge