UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE: CANDISE DIANE HOOKER,

                Debtor,

WANIGAS CREDIT UNION,

                Appellant,

v.                                                         Case No. 19-13085
                                                           Honorable Thomas L. Ludington
CANDISE DIANE HOOKER,

                Appellee.
_____/

**ORDER GRANTING LEAVE TO APPEAL AND REINSTATING OPINION AND
ORDER AFFIRMING BANKRUPTCY COURT DECISION**

This matter is before this Court pursuant to the Court of Appeals' opinion dismissing the appeal for lack of jurisdiction and remanding the case to address Appellant Wanigas Credit Union's ("Wanigas") interlocutory appeal. ECF No. 12.

Wanigas secured a judgment against Appellee Candise Diane Hooker ("Hooker") for $1,269.05 and collected $884.13 by garnishing Hooker's wages. When Hooker sought Chapter 7 bankruptcy protection, her attorney sought return of the garnished funds as a preferential transfer. Wanigas returned $431.53 but did not return $452.60 that had been retained by its attorney for services rendered. Hooker's bankruptcy estate began an adversary proceeding to collect the $452.60. Wanigas responded with a motion for summary judgment contending that the funds retained by its attorney did not constitute a preferential transfer within the meaning of 11 U.S.C. § 547. The Bankruptcy Court found that there were no relevant disputes of fact, denied Wanigas' motion and, to this Court's understanding, entered summary judgment on its own in favor of

Hooker's estate pursuant to FRCP 56(f)(3). *See* ECF No. 3 at PageID.19 ("This benefit, measured in dollars, is part of the preference that *is* avoidable and must be returned to Plaintiff.") (emphasis added). The parties' papers before this Court reflected the same understanding, that is, that Bankruptcy Judge Opperman's order was a final order. The Sixth Circuit disagreed and concluded that the opinion and order of the Bankruptcy Court was an interlocutory order and not a final decree. ECF No. 12.

On remand, according to the Sixth Circuit's Order, this Court may withhold its consent to hear Wanigas' appeal under § 158(a)(3) and return the parties to the Bankruptcy Court. Presumably, that would entitle Hooker's estate to go to the expense of filing its own motion for summary judgement to raise the same questions of law raised by Wanigas' motion for summary judgment. That is, the same questions of law addressed by this Court, and that have already been the subject of oral argument before the Court of Appeals. Alternatively, this Court may grant its consent and "reinstate its ruling on the merits." ECF No. 12 at PageID.138. "Should Wanigas Credit Union then appeal from that decision," the Court of Appeals is prepared to address the appeal "in an expedited [manner]." *Id.* The latter choice appears to best serve the interest of judicial economy and clearly corresponds to the parties' understanding of the posture of the adversary proceeding. Accordingly, this Court will grant leave for review of the order of the Bankruptcy Court.

Accordingly, it is **ORDERED** that consent to hear Wanigas' interlocutory appeal under 28 U.S.C. § 158(a)(3) is **GRANTED**, and this Court's opinion and order affirming the Bankruptcy Court is **REINSTATED**.

Dated: November 19, 2020                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge